UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

AMSTAR EMERGENCY MEDICAL SERVICES, INC.    Case No.   17-03037-HAC-11

Debtor.

**CHAPTER 11 OPERATING ORDER**

To ensure the successful, orderly administration of this case, the Court assigns certain responsibilities to the debtor to comply with the provisions of Chapter 11 and the Rules of Bankruptcy Procedure.

On the effective date of this Order the debtor is ORDERED to comply with the following:

**A.   MEETING WITH BANKRUPTCY ADMINISTRATOR**:   At the place and time below, unless otherwise agreed upon by the Bankruptcy Administrator, the debtor and its attorney shall meet with the Bankruptcy Administrator, or his designee, for the debtor to verify that all provisions of this Order required to be done by that date have been done and that all mechanisms are in place to assure future compliance.

| | |
|---|---|
| DATE: | Thursday, August 24, 2017 |
| TIME: | 9:30 a.m. |
| PLACE: | Federal Building |
| | 2nd Floor |
| | 908 Alabama Avenue |
| | Selma, Alabama   36701 |

**B.   BOOKS AND RECORDS**:   The debtor's prepetition books and records should have been closed and new post-petition books and records should have been opened as of the date of filing the Chapter 11 petition.   If this has not been done, it shall be done upon receipt of this Order; however, regardless of the time of actual closing and opening, the date of the filing of the Chapter 11 petition is the point of separation.

**C.     (1)   NEW BANK ACCOUNTS**:   The debtor's prepetition bank accounts should have been closed and new post-petition bank accounts should have been opened as of the date of filing of the Chapter 11 petition.   A prepetition bank account will remain open only for the purpose of allowing outstanding checks to clear.   If this has not been done, it shall be done with appropriate adjustments on the effective date of this Order; however, regardless of the time of actual closing and opening, the date of the filing of the Chapter 11 petition is the point of separation.   New bank accounts must be opened and shall consist of one or more general accounts and, at the debtor's election, a payroll or tax account.   All business conducted after the filing of the Chapter 11 petition will be handled through new bank accounts.

(a) The bank statement, new signature cards and checks for these accounts shall clearly state "Chapter 11 Debtor-In-Possession".

(b) New bank accounts should be opened with a statement period beginning on the first day of the month and ending on the last day of the month.

(c) When new bank accounts are opened, the Depository Notification Form should be executed by the debtor and financial institution and filed with the Bankruptcy Administrator no later than the scheduled meeting as set out in paragraph A.

(d) If the debtor has one or more accounts in any single institution where the total amount on deposit exceeds $250,000.00, the debtor must either open another account in a separate bank or require from the institution holding these funds a deposit of securities equal to the difference in the amount on deposit and $250,000.00.

(**2**) **Tax and Payroll Accounts or Entries; Deposits**: If a tax or payroll account is established, or if the debtor uses only a general account with entries for payroll and taxes, deposits to it, together with any necessary federal and state depository receipts, shall be administered as follows:

(a) Within three workdays after each regular payroll period, the debtor is required to pay to the Internal Revenue Service and State Department of Revenue withheld or collected taxes in the form of a Federal and State Tax Deposit.

(b) Within three workdays after each regular quarterly period, the debtor is required to pay to the Internal Revenue Service and State Department of Revenue the respective unemployment taxes.

(c) Within five workdays after the end of each month, on the forms furnished by the Internal Revenue Service and State Department of Revenue, the debtor shall give notice of the Federal Tax Deposit for Excise taxes to the Internal Revenue Service and if applicable, to the State Department of Revenue.

(d) If the debtor is an individual required to make quarterly tax estimate payments, those payments should be made when due.

(e) State and local sales taxes will be paid to the taxing authorities per their existing regulations in a timely manner.

(f) The debtor shall keep current all business licenses and permits.

**D. SALARIES, COMPENSATION AND FRINGE BENEFITS:** By the date set out in paragraph A, the debtor shall file with the Clerk of Court, a list of salaries, compensation, and fringe benefits paid to the debtor or its officers. The list of salaries, compensation, and fringe benefits should include a cover pleading with the style of the case.

**E**.  **TAX RETURNS**:    The debtor shall mail all federal tax returns and remittances to the Internal Revenue Service and state tax returns and remittances to the State Department of Revenue.    By the date set out in paragraph A above, the debtor shall file with the Office of the U.S. Bankruptcy Administrator, 113 St. Joseph Street, Box 16, Mobile, Alabama 36602, copies of the Federal and State Income Tax Returns for the year preceding the filing of the Chapter 11 petition.   Within five (5) work days of the filing of the Federal and State Income Tax Returns which become due subsequent to the filing of the Chapter 11 petition, the debtor shall send copies of the said returns to the Bankruptcy Administrator.

**F.   PROOF OF INSURANCE**:   By the date set out in paragraph A above, the debtor shall file with the Clerk of Court, a list of all insurance policies (including property damage, liability and workmen's compensation insurance) or copies of insurance binder(s) on the debtor's property, including a general description of the property insured, the name of the insurer, name and address of the issuing agent, the amount of coverage, type of insurance, date of expiration, policy number, and amount of premium. Proof of insurance should include a cover pleading with the style of the case.

   (a)   If worker's compensation insurance is required by law, the debtor shall maintain said insurance in full force and effect.

   (b)   Should any of the insurance policies listed be cancelled or not renewed before their expiration dates, the debtor shall notify the Bankruptcy Clerk's Office and the Bankruptcy Administrator, in writing no later than three (3) days after receipt of the notice of   cancellation or failure to renew.

**G.  INVENTORY**:   Before the date set out in paragraph A above, the debtor must procure a physical inventory and provide evidence of same by the date set out in paragraph A by filing a statement or written evidence with the Bankruptcy Clerk's Office.   If the debtor has filed a completed Schedule "B" as a part of its Chapter 11 petition, a separate inventory is not required.

**H.   CASH COLLATERAL**:   The debtor is cautioned to comply with 11 U.S.C. 552, concerning motions for use of cash collateral.

**I.   OBTAINING CREDIT**:   The debtor is cautioned to comply with 11 U.S.C. 364, concerning motions for post-petition financing for which court approval is required.

**J.   USE, SALE, OR LEASE OF PROPERTY; LABOR CONTRACTS**:   The debtor is cautioned to comply with 11 U.S.C. 363, concerning the use, sale, or lease of property; 11 U.S.C. 365 regarding assuming or rejecting leases or executory agreements; and 11 U.S.C. 1113 concerning collective bargaining agreements.

**K.   INSPECTION OF PROPERTY AND RECORDS**:   The debtor shall permit the Bankruptcy Administrator or his designee reasonable inspection of its business premises, properties, books and records.

**L. REPORTS TO THE BANKRUPTCY ADMINISTRATOR**: The debtor shall file with the Clerk of Court and with the members of the Creditors' Committee, monthly and quarterly reports as determined at the meeting referred to herein above in paragraph A. The reports may include a balance sheet, a profit and loss statement and a source and use of funds statement which shall hereinafter be determined at the meeting.

(a) The attorney for the debtor shall file with the Clerk of Court a statement consisting of (1) a certification that the attorney for the debtor has informed the debtor of the legal services rendered, including the date, a brief description of the services rendered, the number of hours expended by the attorney and the amount of the fees and expenses requested by the attorney and (2) a summary of the hours expended by each attorney for the debtor, together with the hourly rate and expenses incurred; such statement shall be filed quarterly (regardless of the date of the filing of the petition) by April 15th; July 15th; October 15th and January 15th.

(b) Unless otherwise ordered by the Court, the attorney for the debtor is hereby authorized to submit an interim fee application on a calendar quarter basis in conjunction with the filing of the quarterly attorney statement.

**M. QUARTERLY FEES:** All Chapter 11 cases are subject to a quarterly fee. The fee helps fund the operation and maintenance of the courts of the United States.

(a) The fee must be paid to the Clerk, U. S. Bankruptcy Court for every quarter (including any fraction thereof), from the time the petition is filed until the date of entry of an order dismissing, converting, or closing the case. The fee is applicable to each and every case commenced under chapter 11 regardless of whether the case has been administratively consolidated with any other case.

(b) The obligation to pay quarterly fees begins on the day the case is filed and ceases when the case is no longer pending in chapter 11, i.e., when a final decree is entered closing the case or when the case is either converted or dismissed. **Cases pending even one day during a quarter will be required to pay the fee applicable to that entire quarter.**

(c) The debtor is responsible for the prompt and full payment of this fee. The amount varies depending upon the dollar value of **all disbursements** made during the portion of the calendar quarter the case is pending in chapter 11; however, a minimum fee of $325 is due each quarter even if no disbursements are made during the quarter.

(d) All quarterly fees must be paid before a chapter 11 plan can be confirmed. Section 1129(a)(12) of the Code states: "The Court shall confirm a plan only if all of the following requirements are met. All fees payable under Section 1930, as determined by the court at the hearing on the confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan".

(e) Please make all checks payable to "Clerk, U. S. Bankruptcy Court." Payments are to be made by **certified check**, **cashier's check** or **money order**. No personal checks will be accepted. The debtor's case number should be written on the face of the check and the check should be attached to the Quarterly Fee Statement and filed with the clerk. Direct all correspondence and questions regarding your account to the Office of the Bankruptcy Administrator.

(f) If any check is returned marked "Insufficient Funds", all future quarterly fee payments must be made by cashier's check, certified check or money order.

## Quarterly Fee Schedule

| Disbursements per quarter | Quarterly Fee |
|---|---|
| $0 to $14,999.99 | $325 |
| $15,000 - $74,999.99 | $650 |
| $75,000 - $149,999.99 | $975 |
| $150,000 - $224,999.99 | $1,625 |
| $225,000 - $299,999.99 | $1,950 |
| $300,000 - $999,999.99 | $4,875 |
| $1,000,000 - $1,999,999.99 | $6,500 |
| $2,000,000 - $2,999,999.99 | $9,750 |
| $3,000,000 - $4,999,999.99 | $10,400 |
| $5,000,000 - $14,999,999.99 | $13,000 |
| $15,000,000 - $29,999,999.99 | $20,000 |
| $30,000,000 or more | $30,000 |

## Quarterly Fee Due Dates

| Quarter | | Quarter Ending | Due Date for Payment |
|---|---|---|---|
| 1st Quarter | Jan-Feb-Mar | March 31 | April 15 |
| 2nd Quarter | Apr-May-Jun | June 30 | July 15 |
| 3rd Quarter | Jul-Aug-Sept | September 30 | October 15 |
| 4th Quarter | Oct-Nov-Dec | December 31 | January 15 |

**PENALTIES: FAILURE TO PAY THE QUARTERLY FEE IS CAUSE FOR CONVERSION OR DISMISSAL OF THE CASE UNDER 11 U.S.C. SECTION 1112(b)(10). FILING A FALSE REPORT MAY SUBJECT YOU TO CIVIL LIABILITY UNDER 31 U.S.C. SECTION 3729(a)(7) AND TO CRIMINAL PENALTIES UNDER 18 U.S.C. SECTION 1621.**

N. **FILING OF COPY OF PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**: The debtor shall file with the Office of the U. S. Bankruptcy Administrator, 113 St. Joseph Street, Box 16, Mobile, Alabama 36602, a **"copy"** of the plan of reorganization and disclosure statement and any amendments thereto.

O. **PROFESSIONAL PERSONS**: The debtor shall file applications in accordance with 11 U.S.C. 327 for authority to employ any professional persons including, but not limited to attorneys, accountants and appraisers.

(a) The debtor shall file with the Office of the U. S. Bankruptcy Administrator, 113 St. Joseph Street, Box 16, Mobile, Alabama 36602, a **"copy"** of all applications for attorney's fees and expenses.

P. **COPIES TO U.S. BANKRUPTCY ADMINISTRATOR AND COMMITTEES**: The debtor shall comply with Bankruptcy Rule 9034 by sending copies of all pleadings, motions and other papers to the Bankruptcy Administrator. Copies of the same documents required to be sent to the Bankruptcy Administrator shall be provided to the chairpersons of the committees appointed by the Court.

Q. **BANKRUPTCY ADMINISTRATOR'S DESIGNEE**: Any reference in this Order to the "Bankruptcy Administrator" includes such designee as the Administrator may select.

R. **DEBTORS OTHER THAN INDIVIDUALS**: Though the debtor has been referred to herein in the neuter gender, such reference shall be construed in the appropriate gender. If the debtor is not an individual, the responsible party executing forms shall be designated the "debtor" within the meaning of Bankruptcy Rule 9001(5).

S. **AMENDMENT OF THIS ORDER**: After this Order becomes effective, it may be amended upon proper motion for good cause shown, with a copy of said motion being served upon the Bankruptcy Administrator.

Dated: August 16, 2017

        /s/ Henry A. Callaway
        CHIEF, U. S. BANKRUPTCY JUDGE

Rev. 11-12